IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br><br> MEJIA CORP., d/b/a EL TIO TEX-MEX GRILL, <br><br> Defendant. | CIVIL ACTION NO._____ <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jose Hernandez ("Hernandez") and other similarly aggrieved individuals. As alleged with greater particularity in Paragraphs 11 through 15 below, Defendant Mejia Corporation d/b/a El Tio Tex-Mex Grill ("Defendant") unlawfully discriminated against Hernandez, and other similarly aggrieved employees, on the basis of their sex by subjecting them to a sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in Gainesville, Virginia and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jose Hernandez filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On April 17, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that it violated Title VII by subjecting Hernandez, and similarly aggrieved individuals, to harassment based on their sex. The letter also invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant Employer to provide

Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On May 9, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF CLAIMS

12. Since at least 2013, Defendant engaged in unlawful employment practices at its Gainesville, Virginia facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Hernandez to a sexually hostile work environment. The unlawful practices include, but are not limited to, the following:

a. Defendant has engaged in sex discrimination against Hernandez, a gay male, by subjecting him to severe or pervasive sexual harassment, and by creating and maintaining a hostile work environment, because of his sex.

b. Beginning in or around 2013, through in or around April 2017, Hernandez, a server at Defendant's Gainesville, Virginia El Tio Tex-Mex Grill restaurant, was routinely subjected to unwelcome, harassing, and abusive behavior from Defendant's kitchen staff. The unlawful behavior was based on Hernandez's sex, and included, but was not limited to, regularly calling him "marica," "joto," and "culero," which are anti-gay epithets; regularly calling him "Josefina," the feminine version of his name, rather than "Jose;" mocking him with a falsetto-type voice; engaging in cat-calling; and telling Hernandez that gay people should be killed.

c. Defendant's General Manager, Oscar Bonilla ("Bonilla"), at times

participated in and condoned the harassment of Hernandez by the kitchen staff.

  d.  In 2013, on at least two occasions, Hernandez complained of the unlawful behavior described above to Owner Armando Mejia. The kitchen staff's harassment continued.

  e.  From 2014, through approximately April 2017, Hernandez regularly complained to Bonilla of the kitchen staff's harassing behavior towards him; in response, on several occasions, Bonilla asked Hernandez why he wouldn't "just act like a man." The kitchen staff's harassment continued.

  f.  From 2016 through April 2017, a female server, Delmi Esperanza ("Esperanza"), also routinely subjected Hernandez to unwelcome and offensive sexual comments and conduct, which included, but were not limited to, calling him or referring to him as "marica," and "joto," which are anti-gay epithets; calling him or referring to him as "la nina" and "the girl;" calling him or referring to him as "Josefina," rather than Jose; and mocking his mannerisms, including the way that he walked.

  g.  Hernandez regularly complained of the unlawful behavior by Esperanza to Bonilla; in response, on one occasion, Bonilla informed Hernandez that he was unable to do anything about Esperanza's behaviors because she was his aunt. The harassment by Esperanza continued.

  h.  From 2016 through April 2017, a male server, Miguel Monge ("Monge"), also routinely subjected Hernandez to unwelcome and offensive sexual comments and conduct, which included, but were not limited to, calling him or referring to him as "marica," an anti-gay epithet, while spitting in his direction; calling him or referring to him as "Josefina," rather than Jose; and telling Hernandez that he did not like "faggots" and on numerous occasions, that "all the gays should just die."

    i. Hernandez regularly complained of the unlawful behavior by Monge to Bonilla. The harassment by Monge continued.

    j. Defendant's harassment directed at Hernandez was motivated by Hernandez's sex (male), in that sexual orientation discrimination necessarily entails treating an employee less favorably because of his sex; and Hernandez, by virtue of his sexual orientation, did not conform to sex stereotypes and norms about males to which the harassers subscribed.

  13. Since at least 2013, Defendant engaged in unlawful employment practices at its Gainesville, Virginia facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting a class of similarly aggrieved employees, including, but not limited to, Salvador Antonio Santos Rodriguez ("Rodriguez") and Jose Antonio Alvarado Menjivar ("Menjivar"), to a sexually hostile work environment. The unlawful practices include, but are not limited to, the following:

    a. Defendant has engaged in sex discrimination against Rodriguez, a heterosexual male, by subjecting him to severe or pervasive sexual harassment, and by creating and maintaining a hostile work environment, because of his sex.

    b. From 2014 through approximately April 2017, Rodriguez, a server at Defendant's Gainesville, Virginia El Tio Tex-Mex Grill restaurant, was routinely subjected to unwelcome, harassing, and abusive behavior from Defendant's kitchen staff and Esperanza. The unlawful behavior was based on Rodriguez's sex and association with Hernandez, and included, but was not limited to, regularly calling him "joto," "jotito," and "chuto," which are anti-gay epithets.

    c. Defendant's General Manager, Bonilla, at times participated in and condoned the harassment of Rodriguez.

5

  d.  Defendant's Owner, Armando Mejia, at times participated in and condoned the harassment.

  e.  Rodriguez complained of the unlawful behavior described above to Bonilla on numerous occasions. The harassment continued.

  f.  From around February 2013 through approximately November 2015, Menjivar, a server at Defendant's Gainesville, Virginia El Tio Tex-Mex Grill restaurant, was routinely subjected to unwelcome, harassing, and abusive behavior from Defendant's kitchen staff and Esperanza. The unlawful behavior was based on Menjivar's sex and association with Hernandez, and included, but was not limited to, regularly calling him "maricon," "joto," and "culero," which are anti-gay epithets; telling him that he was not a man; and telling him that because of his relationship with Hernandez, he was going to become a "maricon," start liking men, and begin to walk and talk like a woman.

  g.  Defendant's General Manager, Bonilla, at times participated in and condoned the harassment of Menjivar.

  h.  Menjivar regularly complained to Bonilla of the unlawful behavior by the kitchen staff and Esperanza described above; in response, Bonilla told him to ignore their comments and stated, "you know how they are" and "it's just my aunt." The harassment continued.

14.  The effect of the practices complained of in Paragraphs 12 and 13 deprived Hernandez and a class of similarly aggrieved employees, including, but not limited to, Rodriguez and Menjivar, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

15.  The unlawful employment practices complained of Paragraphs 11 and 12 were intentional.

16. The unlawful employment practices complained of in Paragraphs 11 and 12 above were done with malice or with reckless indifference to the federally protected rights of Hernandez and a class of similarly aggrieved employees, including, but not limited to, Rodriguez and Menjivar.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sex-based harassment and other employment practices which discriminate on the basis of sex;

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities based on sex, and which prevent a sexually hostile work environment from occurring in the future, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Hernandez, Rodriguez, Menjivar, and a class of similarly aggrieved employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of herein, including but not limited to emotional pain, suffering, depression, inconvenience, mental anguish, embarrassment, degradation, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

D. Order Defendant to pay Hernandez, Rodriguez, Menjivar, and a class of similarly aggrieved employees, punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial;

  E. Grant such further relief as the Court deems necessary and proper in the public interest; and

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Supervisory Trial Attorney
DC489956

_____/s/_____
David J. Staudt, Trial Attorney
Va. Bar I.D. 47442
Attorney for Plaintiff
U. S. Equal Employment Opportunity Commission
G. H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 209-2249 (telephone)
(410) 209-2221 (fax)
David.Staudt@eeoc.gov

ASHLEY M. MARTIN
Trial Attorney

EEOC Washington Field Office
131 M Street, N.E., Suite 4NW02F
Washington, DC 20507
Phone: (202) 419-0749
Ashley.Martin@eeoc.gov
PA 313607


JOHN BRUBAKER
Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: (267) 589-9762
John.Brubaker@eeoc.gov
IL6314685



Dated:        September 26, 2018