IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MEJIA CORP., d/b/a EL TIO TEX-MEX GRILL, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:18-cv-01226-MSN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT DECREE

On September 26, 2018, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission" or "Plaintiff") brought this action against Defendant Mejia Corp. d/b/a El Tio Tex-Mex Grill ("Defendant") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, alleging that Defendant subjected Jose Hernandez ("Hernandez") and Jose Menjivar ("Menjivar") to a sex-based hostile work environment. The parties desire to resolve this action without the time and expense of continued litigation and, as a result, have jointly formulated a plan to be embodied in a Consent Decree ("Decree") that will promote and effectuate the purposes of Title VII.

This Decree shall not constitute an adjudication on the merits of the Commission's case and shall not be construed as an admission by Defendant of any discriminatory practice or of liability with respect to Hernandez or Menjivar, nor shall it constitute a waiver by the Commission of any contentions of discrimination.

The Court has examined this Decree and finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, it is ORDERED, ADJUDGED, AND DECREED:

### Release of Claims

1. This Decree fully and completely resolves all issues, claims, and allegations raised in the Complaint filed by the Commission in this action ("the Complaint") against Defendant.

2. This Decree in no way affects the Commission's right to bring, process, or investigate any other pending or future charges of discrimination that may be filed against Defendant or to commence civil actions on any such charges as the Commission sees fit.

### Scope of Decree

3. This Decree shall apply to the restaurant located at 7527 Linton Hall Road, Gainesville, VA, which is owned and operated by Defendant.

4. This Decree shall be in effect for a period of three years (3) from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

### Monetary Relief

5. Defendant shall pay a total of $40,000 to settle the claims brought by the EEOC under 42 USC Section 1981a on behalf of Hernandez and Menjivar. Defendant will pay this sum in two (2) installments: 1) $35,000 within thirty (30) days after the entry of this Decree, and 2) an additional payment of $5,000 by January 31, 2020. The EEOC has notified Defendant of the amounts Hernandez and Menjivar are to receive out of each installment, and Defendant has agreed to issue payment accordingly, in the manner set forth below.

6. Within thirty (30) days after entry of this Decree, Defendant shall issue to Hernandez a check for payment for the full first installment he is to receive pursuant to paragraph 5 above. Defendant shall prepare and issue a 1099 IRS form for the 2019 tax year to Hernandez for this monetary relief. The check and IRS form shall be sent directly to Hernandez, via certified mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Hernandez. By January 31, 2020, Defendant shall issue to Hernandez a check for the full second installment he is to receive pursuant to paragraph 5 above. Defendant shall prepare and issue a 1099 IRS form for the 2020 tax year to Hernandez for this portion of the monetary relief. The check and IRS form shall be sent directly to Hernandez, via certified mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Hernandez.

7. Within thirty (30) days after entry of this Decree, Defendant shall issue to Menjivar a check for the full first installment he is to receive pursuant to paragraph 5 above. Defendant shall prepare and issue a 1099 IRS form for the 2019 tax year to Menjivar for this monetary relief. The check and IRS form shall be sent directly to Menjivar, via certified mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Menjivar. By January 31, 2020, Defendant shall issue to Menjivar a check for the full second installment he is to receive pursuant to paragraph 5 above. Defendant shall prepare and issue a 1099 IRS form for the 2020 tax

year to Menjivar for this portion of the monetary relief. The check and IRS form shall be sent directly to Menjivar, via certified mail, at the address provided by the EEOC's counsel of record, and a photocopy of the check and related correspondence shall be sent to the EEOC's counsel of record at the same time that the documents are sent to Menjivar.

### Injunctive Relief

8. Defendant, its officers, agents, servants, employees, successors, and assigns, are hereby enjoined from engaging in sex-based harassment of any employee and from condoning the sex-based harassment of any employee. The prohibited harassment includes the use of offensive, inappropriate, or derogatory comments, or other verbal or physical conduct based on sex, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance. Such harassment violates Title VII, which, in part, is set forth below:

> It shall be an unlawful employment practice for an employer –
> (1) ... to discriminate against any individual with respect to [his or her] ... terms, conditions, or privileges of employment, because of such individual's ... sex ....

42 U.S.C. § 2000e-2(a)(1). Defendant, its officers, agents, servants, employees, successors, and assigns, are further enjoined from retaliating against any employee who complains of discrimination or harassment, as set forth in the following provision:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

### Anti-Discrimination Policy

9. Immediately upon the entry of this Decree, Defendant shall implement written policies and procedures prohibiting discrimination in the workplace with a special emphasis on harassment based on sex, which will also describe a complaint procedure for reporting discrimination and prohibit retaliation for reporting or opposing such discrimination, or for participating in any other way in any discrimination investigation. These policies and procedures will be agreed to with the EEOC prior to the filing of this Decree. Defendant will draft these policies and procedures in English and in Spanish.

10. No later than thirty (30) days of the entry of this Decree, Defendant shall distribute both the English and Spanish versions of the policy and complaint procedure to all employees. In addition, Defendant will distribute the English and Spanish versions of the policy and complaint procedure to any new employees within seven (7) days of hire. Defendant must also promptly post, in English and in Spanish, the new policy and complaint procedure in a manner easily visible to all employees and promptly forward a copy of any amendments to the policy or complaint procedure to EEOC.

### Training

11. Defendant shall conduct one live training session in English and one live training session in Spanish for all management and supervisory employees. Such training is to be not less than three (3) hours in duration and provided by a qualified third-party at the expense of Defendant, with the format and content of the training subject to review by the Commission. The training should address Title VII's prohibitions against discrimination, with a special emphasis on sex-based harassment, including harassment based on sexual orientation. The training must also address managers' and supervisors' obligations under


Title VII to report harassment, Defendant's procedures to respond to harassment complaints, as well as the prohibitions against retaliation for reporting harassment. The training must be completed within ninety (90) days of the entry of this Decree by a qualified third-party trainer agreed to by the parties prior to the entry of the Decree. Defendant will also provide the training to all new management and supervisory employees within thirty (30) days of their hire or promotion. Training for new management and supervisory employees may be pre-recorded from the initial live training sessions and administered to each employee in their preferred language. Defendant must maintain attendance lists identifying each management and supervisory official who attends each training session, and must forward a copy of the attendance sheets to the EEOC counsel of record, along with a current list of management employees, within fourteen (14) days of each training session.

12. Defendant shall also conduct at least one English and one Spanish live training session for all non-management employees. Such training is to be not less than three (3) hours in duration and provided by a qualified third-party at the expense of Defendant, with format and content of the training subject to review by the Commission. The training should address Title VII's prohibitions against discrimination, with a special emphasis on sex-based harassment, including harassment based on sexual orientation, Defendant's procedures to respond to harassment complaints, as well as the prohibitions against retaliation for reporting harassment. The training sessions will be completed within ninety (90) days of the entry of this Decree. Such training will be provided to all new non-management employees within thirty (30) days of their hire. Training for new non-management employees may be pre-recorded from the initial live training sessions and

administered to each employee in their preferred language. Defendant must maintain attendance lists identifying each person who attends each training session, and must forward a copy of the attendance lists to the EEOC counsel of record, along with a copy of Defendant's current non-management employee roster, within fourteen (14) days of the completion of each training session.

13. No later than thirty (30) days of the entry of this Decree, the third-party trainer must submit copies of written materials and/or any presentation to be used for the above-described training sessions to the EEOC counsel of record.

### Posting

14. Within five business days of the entry of this Decree, Defendant will post two 8 ½ x 11 notices, one in English and one in Spanish, attached as Attachment A, in places visually accessible to all employees. The notice will be signed by Defendant's representative. Within ten (10) business days of the posting, Defendant will provide the EEOC's counsel of record with certification that the posting has occurred.

### Monitoring

15. The EEOC has the right to monitor and review compliance with this Decree. Accordingly:

   a. Annually for the duration of this Decree, and one (1) month before the expiration of this Decree, Defendant must submit proof via affidavit to the EEOC that it has complied with each of the requirements set forth in paragraphs 9-14 above. Such proof must include, but need not be limited to, an affidavit by a person with knowledge establishing: (a) the completion of the training; (b) that the anti-harassment policy and complaint procedure has been distributed and remains posted in accordance with this Decree; and (c) that the Posting required by paragraph 14 remains in place.

b. For the duration of this Decree, Defendant must create and maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.*, as well as maintain an updated EEO poster in compliance with 42 U.S.C. § 2000e-10.

c. Any report or notification to the EEOC required of Defendant under this Decree shall be sent to John Brubaker, Trial Attorney, Philadelphia District Office, 801 Market Street, Suite 1300, Philadelphia, PA 19107.

### Miscellaneous Provisions

16. Upon motion of the EEOC, the Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the EEOC shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing. If the parties cannot in good faith resolve their dispute, the EEOC may file with the Court a motion to correct and remedy the breach of the Decree.

17. The Commission and Defendant shall bear their own costs and attorneys' fees.

18. The case shall be and hereby is dismissed with prejudice, subject to this Court's jurisdiction to enforce provisions of this Consent Decree.

19. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

**[signatures follow]**

Respectfully submitted,

FOR PLAINTIFF:

/s/Debra M. Lawrence
DEBRA M. LAWRENCE
Regional Attorney

MARIA LUISA MOROCCO
Virginia State Bar No. 94043
Supervisory Trial Attorney
EEOC, Washington Field Office
131 M Street, N.E. Suite 4NW02F
Washington, D.C. 20507
Phone: 202-419-0724
maria.morocco@eeoc.gov

/s/John S. Brubaker
JOHN S. BRUBAKER
Trial Attorney
EEOC, Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
Phone: 267-589-9762
Fax: 215-440-2805
john.brubaker@eeoc.gov

FOR DEFENDANT:

Michael E. Veve
MICHAEL E. VEVE
Virginia State Bar No. 29534
Lasa, Monroig & Veve, LLP
5029-A Backlick Road
Annandale, VA 22003
Tel.: (202)261-3524
Fax: (202)261-3514
meveve@aol.com

SO ORDERED.
Date: 8/8/19

_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
By: _____
Michael S. Nachmanoff
United States Magistrate Judge

9

EXHIBIT A



# NOTICE

This Notice is being posted to delineate provisions of Title VII of the Civil Rights Act of 1964, as amended, which prohibits employers from discriminating because of sex and subjecting employees to a sexually hostile work environment. Discrimination because of sex includes harassment based on sexual orientation. Title VII prohibits the use of offensive, inappropriate, or derogatory comments, or other verbal or physical conduct based on sex, which creates an intimidating, hostile, or offensive working environment, or interferes with the individual's work performance.

Title VII also prohibits an employer from retaliating, coercing, intimidating, threatening, or interfering with any individual in the exercise or enjoyment of any right granted and protected by Title VII. El Tio Tex-Mex Grill will comply with such federal laws in all respects.

The EEOC is a federal agency which investigates charges of unlawful employment discrimination and brings lawsuits in federal court to enforce Title VII. An employee has the right to report allegations of employment discrimination to the EEOC. An employee may contact their local EEOC field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

U.S. Equal Employment Opportunity Commission
Washington Field Office
131 M St., NE, 4th Floor, Suite 4NWO2F
Washington, DC 20507
TEL: (202) 419-0713
TTY: (202) 419-0702
www.eeoc.gov

This Notice must remain posted for at least three (3) years from the date below and must not be altered, defaced, or covered by any other material.

Dated: _____          _____
                             Armando Mejia, Owner
                             El Tio Tex-Mex Grill